UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Amin Y., | File No. 26-CV-1006 (JMB/SGE) |
| Petitioner, | |
| v. | |
| Kristi Noem, Todd M. Lyons, and David Easterwood, | **ORDER** |
| Respondents. | |

Abdiqani Jabane, Jabane Law Office, Minneapolis, MN, for Amin Y.

David Fuller, Trevor Brown, and Matthew Isihara, United States Attorney's Office, Minneapolis, MN, for Respondents Kristi Noem, Todd M. Lyons, and David Easterwood.

This matter is before the Court on Petitioner Amin Y.'s[1] Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2241. (Doc. No. 1 [hereinafter, "Pet."].) Respondents Kristi Noem, Todd M. Lyons, and David Easterwood (together, "Respondents") are named in the Petition. For the reasons explained below, the Court grants the Petition in part.

**FINDINGS OF FACT**[2]

1. Amin Y is a citizen of Ethiopia who entered the United States without

---

[1] This District has adopted a policy of using only the first name and last initial of any nongovernmental parties in immigration cases.

[2] Because Respondents did not contest any of the factual allegations in the Petition, these allegations are deemed admitted. *See, e.g.*, *Bland v. California Dep't of Corr.*, 20 F.3d 1469, 1474 (9th Cir. 1994) ("When the State's return fails to dispute the factual allegations

1

inspection in October 2024.  (Pet. ¶¶ 4, 7.)

2. Amin Y. was placed in expedited removal proceedings under 8 U.S.C. § 1225(b).  (*Id.* ¶ 8.)  An asylum officer determined that Amin Y. established a credible fear of persecution, and the Department of Homeland Security exercised its discretionary parole authority under 8 U.S.C. § 1182(d)(5)(A) and released Amin Y.  (*Id.* ¶¶ 8–10.)

3. Amin Y.'s case was referred to Immigration Court for removal proceedings under 8 U.S.C. § 1229a.  (*Id.* ¶ 11.)

4. In January 2025, Amin Y. filed an Application for Asylum and for Withholding of Removal.  (*Id.* ¶ 12.)  His case remains pending before the Immigration Court.  (*Id.* ¶ 13.)

5. Amin Y. has appeared as required and complied with all ICE reporting requirements.  (*Id.* ¶ 14.)  Amin Y. has no criminal history.  (*Id.* ¶ 15.)  He has worked pursuant to valid employment authorization.  (*Id.* ¶ 16.)

6. Respondents took Amin Y. into physical custody on February 3, 2026.  (*Id.* ¶ 17–18.)

7. On February 3, 2026, Amin Y. filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  (Pet.)

8. On February 3, 2026, the Court ordered Respondents to file a response to the Petition by February 6, 2026, at 11:00 a.m.  (Doc. No. 5.)  The Court ordered Respondents

---

contained in the petition and traverse, it essentially admits those allegations."), *overruled on other grounds by Schell v. Witek*, 218 F.3d 1017 (9th Cir. 2000).

to address "whether the absence of a warrant preceding Petitioner's arrest necessitates Petitioner's immediate release." (*Id.*) Respondents failed to timely file a response, and after the deadline had passed filed a Motion for Extension of Time. (Doc. No. 7.)

## DISCUSSION

Because Respondents failed to timely respond to the Petition,[3] the Court considers the Petition to be unopposed and therefore grants the Petition.[4]

As a threshold matter, the Court notes that a writ of habeas corpus may be granted to any person who demonstrates he is in custody in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3); *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (concluding that the Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States" (citing U.S. Const., Art. I, § 9, cl. 2)); *Aditya W.H. v. Trump*, 782 F. Supp. 3d 691, 702 (D. Minn. 2025). For most of the nation's history, habeas review "has remained a critical check on the Executive, ensuring that it does not detain individuals except in accordance with law." *Hamdi*, 542 U.S. at 525 (quotation omitted). The right to challenge the legality of a person's confinement through

---

[3] After the deadline to respond passed, counsel for Respondents filed a request for an extension of time to respond. (Doc. No. 7.) The request made no motion of having contacted Petitioner's counsel before filing and included no explanation or statement of good cause. Accordingly, the Court is compelled to deny the request.

[4] *See Rodriguez-Quiroz v. Lynch*, 835 F.3d 809, 822 n.6 (8th Cir. 2016) (noting that the government waived an argument by failing to raise it in an immigration appeal); *see also Estephanny P. v. Bondi*, No. 26-CV-198 (ECT/JFD), Doc. No. 10, at *3 (D. Minn. Jan. 15, 2026) (citing *Doe v. Mayorkas*, No. 22-cv-752 (ECT/DTS), 2022 WL 4450272, at *2 (D. Minn. Sep. 23, 2022) (concluding that failure to respond is an express waiver of those arguments or claims)).

a petition for a writ of habeas corpus "extends to . . . immigration-related detention." *Deng Chol A. v. Barr*, 455 F. Supp. 3d 896, 900–01 (D. Minn. 2020) (citation omitted). The petitioner bears the burden of proving that his detention is illegal by a preponderance of evidence. *Jose J.O.E. v. Bondi*, No. 25-CV-3051 (ECT/DJF), 2025 WL 2466670, at *5 (D. Minn. Aug. 27, 2025) (citing *Aditya W.H.*, 782 F. Supp. 3d at 703).

The Court agrees with other judges in this District who have concluded that an arrest warrant is a prerequisite to detention under section 1226(a). *See Ahmed M. v. Bondi*, No. 25-CV-4711 (ECT/SGE), 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026); *Juan S.R. v. Bondi*, No. 26-CV-5 (PJS/LIB), Doc. No. 8 at 3–4 (D. Minn. Jan. 1, 2026). *See also* 8 U.S.C. § 1226(a) ("*On a warrant issued by the Attorney General*, [a noncitizen] may be arrested and detained pending a decision on whether the [noncitizen] is to be removed from the United States." (emphasis added)). The Court ordered Respondents to address "whether the absence of a warrant preceding Petitioner's arrest necessitates Petitioner's immediate release." (Doc. No. 5.) Respondents failed to do so. Consequently, the Court orders Amin Y.'s immediate release.[5]

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT the unopposed Petition (Doc. No. 1) is GRANTED in

---

[5] Given its decision to grant the Petition, the Court need not address the remaining counts in the Petition. The Court also does not address the Petition's request for an award of fees and costs under the Equal Access to Justice Act; Amin Y. may move separately for such relief within 30 days of final judgment in this action. 28 U.S.C. § 2412(d)(1)(B).

part and DENIED in part, as follows:

1. Respondents are ORDERED to release Petitioner from custody <u>immediately</u> in Minnesota without conditions, and in any event no later than <u>4:00 p.m. CST on February 7, 2026</u>.

2. On or before <u>11:00 a.m. CT on February 9, 2026</u>, counsel for Respondents shall file a letter affirming that Petitioner was released from custody in Minnesota without conditions in accordance with this Order. Counsel shall also file a declaration on or before <u>11:00 a.m. CT on February 9, 2026</u>, pursuant to 28 U.S.C. § 1746 by an individual with personal knowledge that states when and where the Petitioner was released, attaches any and all documentation concerning the Petitioner's release, and affirms that all property of Petitioner was returned to Petitioner upon release (or, if property is retained, state which property is retained, the legal basis for its retention, and affirm that Respondents duly provided Petitioner with certified copied of any and all immigration-related documentation). If Petitioner was transferred out of Minnesota prior to the Court's Order granting the Petition, counsel shall also file a declaration on or before <u>11:00 a.m. CT on February 9, 2026</u>, pursuant to 28 U.S.C. § 1746 by an individual with personal knowledge that includes the following: (a) the name or names of any individual or individuals who authorized Petitioner's transfer outside of Minnesota; (b) the basis for the transfer; (c) the time and date when that decision was made; (d) the time and date when Petitioner was moved; and (e) what efforts Respondents took to return Petitioner to Minnesota as ordered by the Court.

3. To the extent Petitioner seeks relief beyond an order requiring release or an order requiring a bond hearing, the Petition is DENIED.

4. Petitioner's Motion for Temporary Restraining Order (Doc. No. 2) is DENIED AS MOOT.

5. Respondents' Motion for an Extension of Time (Doc. No. 7) is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  February 6, 2026     /s/ Jeffrey M. Bryan
                             Judge Jeffrey M. Bryan
                             United States District Court